IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERICA WOODBERRY, ) | Civil Action No. 4:17-cv-_____ |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| FLORENCE COUNTY SHERIFF'S ) | *Jury Trial Demanded* |
| OFFICE, FLORENCE COUNTY, ) | |
| FLORENCE COUNTY DETENTION ) | |
| CENTER AND SERGEANT FREDDIE ) | |
| PAIGE, INDIVUDUALLY AND AS AN ) | |
| EMPLOYEE OF FLORENCE COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, complaining of the Defendants above-named, would respectfully show unto this Honorable Court as follows:

## NATURE OF ACTION

1. This is a Title VII of the Civil Rights Act of 1964 action asserting sexual harassment and gender discrimination.

2. This is a state law action asserting vicarious liability, negligence, gross negligence, negligent supervision, negligent hiring and negligent retention.

## THE PARTIES

3. Plaintiff, Erica Woodberry, is a citizen and resident of Marion County, South Carolina and was employed by Defendant Sheriff's Office at the time of the incidents complained of herein.

4. Upon information and belief, Defendant Florence County Sheriff's Office (herein "Defendant Sheriff's Office"), has continuously been a political subdivision organized

pursuant to state law.

5. Upon information and belief, Defendant Florence County (hereinafter "Defendant Florence County"), is a duly authorized municipality created pursuant to the laws of the State of South Carolina. Defendant Florence County is responsible for the policies, practices, and customs of the Defendant Sheriff's Office, as well as the hiring, training, supervising, controlling, and disciplining of its deputies and other employees.

6. Upon information and belief, Defendant Florence County Detention Center (hereinafter "Detention Center"), is a correctional facility under the care and control of the Defendant Sheriff's Office. At all times relevant to the Complaint, Defendant Detention Center, its agents, servants, and employees operated, maintained, and controlled Sergeant Freddie Paige.

7. Upon information and belief, Defendant Sergeant Freddie Paige (hereinafter "Defendant Paige") is a citizen and resident of Florence County, South Carolina and was employed by Defendant Sheriff's Office at the time of the incidents complained of herein. Upon further information and belief, Defendant Paige's conduct occurred on Defendant Detention Center's premises.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

9. This Court has jurisdiction over the state law claims pursuant to 28 U.S. C. §1367 (supplemental jurisdiction).

10. Venue lies in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

11. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

12. While employed with Defendants Sheriff's Office and Detention Center, Defendant Paige was Plaintiff's immediate supervisor.

13. Throughout Plaintiff's employment, she experienced continuous unwanted sexual comments, remarks and advances by Defendant Paige while acting in his capacity of Plaintiff's supervisor.

14. Upon information and belief, Defendants Sheriff's Office and Detention Center failed to take corrective measures after Plaintiff made said Defendants aware of Defendant Paige's conduct.

15. Defendant Sheriff's Office forced Plaintiff to continue working with Defendant Paige despite Plaintiff's repeated requests to be moved to another shift.

16. Upon information and belief, Defendant Sheriff's Office continued to employ Defendant Paige despite Plaintiff's complaints.

## FOR A FIRST CAUSE OF ACTION
### (Title VII Action for Sexual Harassment as to Defendant Paige)

17. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

18. Defendant Paige subjected Plaintiff to numerous unwelcomed offensive remarks, sexual comments and advances during his work shifts with Plaintiff.

19. A reasonable person in Plaintiff's position would find Defendant Paige's conduct to be abusive and hostile. Further, Defendant Paige's conduct was so pervasive and severe it substantially affected Plaintiff's work performance and well-being.

20. As a result of Defendant Paige's conduct, Plaintiff was subjected to a hostile work environment.

21. As a direct and proximate result of Defendant Paige's conduct, Plaintiff suffered psychological and physical harm.

22. Plaintiff is informed and believes she is entitled to judgment against the Defendant for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

### FOR A SECOND CAUSE OF ACTION
### (Title VII Action for Gender Discrimination as to Defendant Paige)

23. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

24. Defendant Paige subjected Plaintiff to numerous unwelcomed offensive remarks, sexual comments and advances during their common work shifts.

25. Upon information and belief, Defendant Paige made the above-mentioned remarks to Plaintiff because she is a female. Upon further information and belief, Defendant Paige did not make such comments or advances toward male officers.

26. A reasonable person in Plaintiff's position would find Defendant Paige's conduct to be abusive and hostile. Further, Defendant Paige's conduct was so pervasive and severe it substantially affected Plaintiff's work performance and well-being.

27. As a result of Defendant Paige's conduct, Plaintiff was subjected to a hostile work environment.

28. As a direct and proximate result of Defendant's conduct, Plaintiff suffered psychological and physical harm.

29. Plaintiff is informed and believes she is entitled to judgment against the Defendant for

actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

### FOR A THIRD CAUSE OF ACTION
### (Vicarious Liability as to Defendants Sheriff's Office, Florence County and Detention Center)

30. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restated verbatim.

31. Upon information and belief, Defendant Paige operated under the control of Defendants Sheriff's Office, Florence County and Detention Center.

32. Upon information and belief, Defendant Paige was acting through an agency relationship with Defendants Sheriff's Office, Florence County and Detention Center and as an agent of said Defendants.

33. Upon information and belief, Defendant Paige was acting within the course and scope of the agency relationship in performing duties for and on behalf of Defendants Sheriff's Office, Florence County and Detention Center.

34. Plaintiff is informed and believes she is entitled to judgment against Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

### FOR A FOURTH CAUSE OF ACTION
### (Negligence as to Defendants Sheriff's Office, Florence County and Detention Center)

35. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

36. Defendants Sheriff's Office, Florence County and Detention Center owed Plaintiff a duty of care due to the special relationship between said Defendants and Plaintiff.

37. Defendants Sheriff's Office, Florence County and Detention Center breached that duty to Plaintiff by failing to protect her from sexual harassment and gender discrimination by Defendant Paige.

38. Defendants' failure to exercise due care was the proximate causation of Plaintiff's harm. As a further result of Defendants' failure to exercise due care, Plaintiff experienced trauma, pain and suffering.

39. Plaintiff is informed and believes she is entitled to judgment against the Defendants for actual damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

## FOR A FIFTH CAUSE OF ACTION
### (Gross Negligence as to Defendants Sheriff's Office, Florence County and Detention Center)

40. Each and every allegation contained in the preceding paragraphs is repeated and reiterated as if restated verbatim.

41. Defendants Sheriff's Office, Florence County and Detention Center owed Plaintiff a duty of care due to the special relationship between Plaintiff and said Defendants.

42. Defendants consciously and voluntarily disregarded the need to use reasonable care.

43. Defendants' failure to protect Plaintiff from Defendant Paige is the actual and proximate cause of Plaintiff's injuries.

44. Plaintiff is informed and believes she is entitled to judgment against the Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

## FOR A SIXTH CAUSE OF ACTION
**(Negligent Supervision as to Defendants Sheriff's Office, Florence County and Detention Center)**

45. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

46. Defendants Sheriff's Office, Florence County and Detention Center employed Defendant Paige who acted as an agent of the above-mentioned Defendants during the times he sexually harassed and discriminated against Plaintiff.

47. The sexual harassment and discrimination against Plaintiff occurred on Defendant Detention Center's premises and while Plaintiff was employed by Defendant Sheriff's Office.

48. Defendants Sheriff's Office, Florence County and Detention Center knew or had reason to know of the ability to control Defendant Paige.

49. Defendants Sheriff's Office, Florence County and Detention Center knew or should have known of the necessity and opportunity for exercising control.

50. Defendants Sheriff's Office, Florence County and Detention Center provided the opportunity for Defendant Paige to continuously cause harm to Plaintiff.

51. Plaintiff is informed and believes she is entitled to judgment against the Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

## FOR A SEVENTH CAUSE OF ACTION
**(Negligent Hiring as to Defendants Sheriff's Office, Florence County and Detention Center)**

52. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if stated verbatim.

53. Defendant Paige was employed by Defendant Sheriff's Office at the times Plaintiff was sexually harassed and discriminated against.

54. Defendants Sheriff's Office, Florence County and Detention Center knew or should have known by exercise of reasonable care its selection of Defendant Paige created an undue risk of harm to the public and the harm caused to Plaintiff was a foreseeable manifestation of that risk.

55. Plaintiff is informed and believes she is entitled to judgment against the Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

### FOR AN EIGHTH CAUSE OF ACTION
**(Negligent Retention as to Defendants Sheriff's Office, Florence County and Detention Center)**

56. Each and every allegation contained in the preceding paragraphs is repeated and reiterated as if restated verbatim.

57. Defendants knew or should have known there was prior conduct by Defendant Paige while acting under color of law. Plaintiff is further informed and believes Defendant Paige's prior conduct provides a nexus or similarity to Plaintiff's harm.

58. It was foreseeable Defendant Paige would cause harm to Plaintiff.

59. Plaintiff is informed and believes she is entitled to judgment against the Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

*WHEREFORE,* Plaintiff prays for the following relief:

   i. A jury trial;

   ii. Judgment for actual damages against Defendants in an amount to be determined by the

      jury or Court;

iii.    Judgment for punitive damages against Defendants in an amount to be determined by the jury or Court;

iv.    For the time and costs of the disbursement of this action; and

v.    For such other and further relief as the Court deems necessary, just and appropriate.

RESPECTFULLY SUBMITTED this 2nd day of March, 2018 by,

        s/ Ralph J. Wilson, Jr.
Ralph J. Wilson, Jr., Fed ID No. 10416
Ralph Wilson Law, PC
1300 2nd Ave., Ste. 212 (29526)
PO Box 860
Conway, SC 29528
Phone:(843) 488-1013 Fax: (843) 488-1014
Attorney@RalphWilsonLaw.com
*Attorney for the Plaintiff*