UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Erica Woodberry, | ) | C/A No. 4:18-cv-00600-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Florence County Sheriff's Office; Florence | ) | |
| County; Florence County Detention | ) | |
| Center, and Sergeant Freddie Paige, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Erica Woodberry, through counsel, brought this civil action pursuant to federal question and supplemental jurisdiction, alleging claims of sexual discrimination and harassment, and assault and battery and negligence against four Defendants, including Plaintiff's employer, Florence County Sheriff's Office ("FCSO"), her supervisor, Defendant Paige, and Florence County and the Florence County Detention Center ("FCDC"). Plaintiff's federal claims arise under the Civil Rights Act of 1964, also referred to as Title VII, 42 U.S.C. §§ 2000e-2000e-10. Her state-law based claims against FCSO, FCDC, and Florence County sound in negligence and vicarious liability.

This matter is before the court on a Motion to Dismiss filed by Defendants FCDC and Florence County, filed on May 17, 2018. ECF No. 17. Plaintiff responded to Defendants' Motion on May 25, 2018. ECF No. 20. Defendants filed a Reply on June 1, 2018. ECF No. 23. Defendants' Motion is now ripe for consideration. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.). Because Defendants' Motion to Dismiss is dispositive as to two Defendants, a Report and Recommendation is entered for the court's review.

I.      Factual and Procedural Background

  A.      Factual Background

The operative Amended Complaint, ECF No. 12, and the docket of this case shows that Plaintiff currently resides in Marion County, South Carolina, and was an employee of FCSO at the time of the incidents of sexual discrimination and harassment alleged. The four Defendants are/were Plaintiff's employer, her supervisor, the place of employment where the alleged incidents occurred, and the County wherein the place of employment is located. It is unclear from the pleading whether Plaintiff is currently employed with the FCSO or whether her employment has ceased. Plaintiff alleges that her pleading is brought under federal question jurisdiction to the extent that it seeks recovery under Title VII and that her state-law claims are brought under this court's supplemental jurisdiction.

Plaintiff's claims are based on facts showing that Plaintiff's employment allegedly exposed her to sexual harassment and discrimination at the hands of Defendant Paige with the knowledge and acquiescence of her employer, FCSO. ECF No. 12 at 3. Plaintiff asserts a Title VII claim against her supervisor, Defendant Paige, claiming that he caused a "hostile work environment" through "numerous unwelcomed offensive remarks, sexual comments and advances during his work shifts with Plaintiff." *Id*. Plaintiff also asserts a gender discrimination claim against Defendant Paige. *Id*. at 4. Plaintiff also asserts assault and battery claims against Defendant Paige. *Id*. at 5-6. Regarding the other three Defendants, Plaintiff asserts claims of vicarious liability for the actions of Defendant Paige, independent negligence, gross negligence, and negligent supervision, hiring, and retention. *Id*. at 7-10. Plaintiff seeks actual and punitive damages, plus suit costs and expenses. *Id*. at 10.

  B.      Motion to Dismiss

In their Motion to Dismiss, Defendants FCDC and Florence County assert that they should be dismissed from this action because they are not proper Defendants under Plaintiff's allegations. ECF No. 17 at 1-2. Specifically, FCDC alleges that it is neither an employer nor an entity that could be subject to vicarious liability for the actions of Defendant Paige. *Id*. According to Defendant FCDC's Reply to Plaintiff's Response to the Motion, it is only a building with no control or authority over Defendant Paige. ECF No. 23 at 2. Furthermore, Defendant Florence County asserts that it does not exercise authority or control over Defendant Paige, who is employed only by Defendant FCSO, or over the employer FCSO, which is governed only by state law and not subject to County policies. *Id*. at 2-4.

Plaintiff responds that this court should deny the Motion to Dismiss because Defendant Paige and other employees of FCSO were under the care and control of Defendant Florence County, primarily because applications for employment with Defendant FCSO have to be filed on the Florence County website and submitted to the Florence County Human Resources Department. ECF No. 20 at 2. Plaintiff does not refute the law cited by Defendants regarding state authority over FCSO, but asserts that FCSO's employees "are subject to Florence County's policies." *Id*. at 3. Plaintiff also states that FCSO's knowledge of Defendant Paige's wrongdoing "is imputed to Defendant Florence County." *Id*.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions,

3

alleged in a plaintiff's complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.* at 555. However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a plausible claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558.

III.     Discussion

Initially, Plaintiff fails to refute Defendant FCDC's assertion that it is not a legal entity subject to either direct or vicarious liability for the claims asserted. FCDC is, in fact, a building or group of buildings. It is neither an employer nor a legal entity that could exercise sufficient control over Defendant Paige's behavior to subject it to vicarious liability for his actions. *See Colleton v. Charleston Water Sys.*, 225 F. Supp. 3d 362, 367-68 (D.S.C. 2016) (citing to *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998) and holding that the employer is the only proper defendant in a Title VII claim); *Patterson v. S.C. Worker's Comp. Comm'n*, No. 0:10-2968-MBS-BM, 2011 WL 2559564, at *3 (Mar. 8, 2011), *report and recommendation adopted sub nom. Patterson v. S.C. Workers' Comp. Comm'n*, 2011 WL 2559528 (D.S.C. June 28, 2011) (recognizing that South Carolina law requires a showing that a party had the right to control the tortfeasor before vicarious liability may be imposed); *Cherry v. Myers Timber Co.*, 745 S.E.2d 405, 408 (S.C. Ct.

4

App. 2013) (discussing a four-part test for determining whether one party exercised sufficient control over the actions of another party to impose vicarious liability on the first party for the second party's wrongdoing).

Plaintiff's allegations that FCDC exerted control over Defendant Paige are, at most, conclusory. There are no factual allegations in the Amended Complaint that support such assertion. *See Iqbal*, 556 U.S. 662. There is nothing in the Amended Complaint that factually shows that FCDC is anything other than the location where Plaintiff and Defendant Paige worked together. Accordingly, Plaintiff's allegations fail to state any plausible claims against FCDC.

Also, Plaintiff's assertions regarding Defendant Florence County's ability to control either Defendant FCSO or its employee, Defendant Paige, are far too conclusory to refute the law cited by Defendant Florence County showing that FCSO is a state, rather than county, agency and that it is not controlled or overseen by Florence County. *See, e.g.*, *Wyatt v. Fowler*, 484 S.E.2d 590, 593 (S.C. 1997) ("[D]eputies and sheriffs are state officials and therefore not liable in their official capacity under § 1983."); *Cone v. Nettles*, 417 S.E.2d 523, 524-25 (S.C. 1992) (citing and relying on reasoning in *Gulledge v. Smart,* 691 F. Supp. 947 (D.S.C. 1988) to hold that sheriffs and deputies are state, not county, officials); *Hucks v. Cty. of Union*, No. 2006-UP-323, 2006 WL 7286762, at *1 (S.C. Ct. App. Sept. 6, 2006) ("The law is clear that sheriffs and deputy sheriffs are not employees of their respective counties. Sheriffs are constitutional officer[s] in South Carolina. The state, rather than the respective counties, has the potential power of control over sheriffs. The sheriff of each county is an elected office established by our state constitution. The supreme court has long held that deputy sheriffs are not employees of the county."). Plaintiff does not address that law in her Response. Instead, she conclusorily states that Florence County's receipt of FCSO employment

applications through its website shows that it controls FCSO and its employees. Plaintiff does not allege that Florence County decided who should be hired or that it did anything other than act as a collecting point for employment applications that would later be considered and acted upon by FCSO alone. There are no additional allegations showing how Florence County exercises that alleged right to control or describing any of the "Florence County policies" that FCSO is allegedly subject to. Plaintiff's conclusory allegations do not establish that Florence County exercised the necessary control over either FCSO or Defendant Paige to allow it to be held vicariously liable for any torts committed by either of these Co-Defendants. Furthermore, there are no allegations that Florence County is an employer of Plaintiff subject to liability under Title VII.

IV.     Recommendation

Based on the above discussion, the undersigned recommends that Defendants' Motion to Dismiss, ECF No. 17, be granted and that the Complaint be partially dismissed with prejudice insofar as FCDC and Florence County are named as Defendants.

August 24, 2018                                                 Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge


**The parties' attention is directed to the important notice on the following page.**

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).